## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

_iSTRICT OO_
_.iN DISTRICT ARKA_,
FILED

MAR 2 9 2007

CHRIS R. JOHNSON, CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO  07-1025 |
| v. | ) ) | COMPLAINT |
| CHEMTURA CORPORATION D/B/A GREAT LAKES CHEMICAL CORP. | ) ) ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees who have been adversely affected by such practices.      The unlawful employment practices include, but are not limited to, the discharge of Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees because of their race (Black).

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Arkansas, El Dorado Division.

### PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4.     At all relevant times, Chemtura Corporation d/b/a Great Lakes Chemical Corporation ("Defendant Employer"), was a corporation doing business in the State of Arkansas and the City of El Dorado and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

### STATEMENT OF CLAIMS

6.     More than thirty (30) days prior to the institution of this lawsuit Cecil Delphin, Victor Moody, and Murphy Chambliss filed charges of discrimination with the Commission alleging violations of Title VII by Defendant.     All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     From at least on or around September 1, 2005, and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in El Dorado, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).     The unlawful

2

practices include, but are not limited to terminating Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees because of their race (Black).

8.     The effect of the practices complained of above has been to deprive Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees of equal employment opportunities and otherwise adversely affect their status as employees.

9.     The unlawful employment practices complained of above were and are intentional.

10.     Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees.

PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.     Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race under Title VII of the Civil Rights Act of 1964, as amended.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees who were subjected to Defendant's practices of race discrimination and discharge by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to, reinstatement or placement in a comparable position.

      D.      Order Defendant Employer to make Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees who were subjected to Defendant's practices of race discrimination and discriminatory discharge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

      E.      Order Defendant Employer to make whole Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees who were subjected to Defendant's practices of race discrimination and discriminatory discharge by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

      F.      Order Defendant Employer to pay Cecil Delphin, Victor Moody, Murphy Chambliss and other Black employees who were subjected to Defendant's practices of race discrimination and discriminatory discharge punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE WILLIAMS**
Regional Attorney

**TERRY BECK**
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
Telephone: (901) 544-0138

**WILLIAM A. CASH, JR.**
Senior Trial Attorney
AR #88081

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone:    (501) 324-5539