IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                                               PLAINTIFF

ROBERT BENNETT, et al                                              INTERVENOR PLAINTIFFS

VS.                                         CASE NO. 07-CV-1025

CHEMTURA CORPORATION d/b/a
GREAT LAKES CHEMICAL
CORPORATION                                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Chemtura Corporation d/b/a Great Lakes Chemical Corporation's Motion for Summary Judgment. (Doc. 53). Plaintiff Equal Employment Opportunity Commission responded. (Doc. 63). Defendant replied. (Doc. 73). The Court finds this matter ripe for consideration.

BACKGROUND

The Equal Employment Opportunity Commission ("EEOC") filed this lawsuit in March of 2007 alleging that Chemtura Corporation d/b/a/ Great Lakes Chemical Corporation ("Chemtura") violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 when it terminated Cecil Delphin, Murphy Chambliss, Victor Moody, and a class of African American employees because of their race.[1] Cecil Delphin, Robert Bennett, Murphy Chambliss, and Victor Moody all filed complaints in intervention. The EEOC also represents the interest of class-member Marcus Dunn. Chemtura filed its Motion for Summary Judgment in January of 2009. In March of 2009 Chemtura filed a Suggestion of Bankruptcy. (Doc. 70). Chemtura's bankruptcy proceedings automatically stayed the intervenors' complaints in this matter. However, the EEOC's claims are exempt from the automatic stay and are proceeding. *See E.E.O.C. v. Rath*

---

[1] The EEOC no longer represents the interests of Victor Moody.

*Packing Co.,* 787 F.2d 318, 323-25 (8th Cir. 1986). Therefore, the only claims currently before the Court are those made by the EEOC.

Cecil Delphin, Robert Bennett, Marcus Dunn, and Murphy Chambliss ("claimants") are all African Americans. Each of the claimants began working at Great Lakes in the El Dorado facility as contract employees through a staffing agency, but in May of 2005, all of the claimants were hired as Great Lakes employees. In July or August of 2005, the claimants were evaluated. The claimants were terminated on September 19, 2005 as a result of the scores they received on the evaluation. The EEOC claims that Chemtura is liable under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 for discriminating against claimants based on their race. Chemtura responds by asserting that it is not the proper defendant in this matter, and the EEOC's claims must fail because Chemtura was not and never has been the claimants' employer as defined by Title VII, 42 U.S.C. § 2000e(a) and (b).

In support of this argument, Chemtura submits the sworn affidavit of Terry Steen, Great Lakes human resource manger. Mr. Steen states in his affidavit that in July of 2005 Great Lakes merged with Copernicus Merger Corporation, a wholly owned subsidiary of Crompton Corporation. Crompton then changed its name to Chemtura Corporation.  The name of the surviving corporation of the merger is Great Lakes Chemical Corporation ("Great Lakes"), a wholly owned subsidiary of Chemtura. Great Lakes has a chemical plant in El Dorado, Arkansas ("El Dorado Facility"). Mr. Steen also states in his affidavit that all employees of Great Lakes remained employees of Great Lakes after the merger in July 2005. The EEOC offers a copy of a press release dated July 1, 2005 that contains the following language: "With the finalization of the Crompton Corporation . . . and Great Lakes Chemical Corporation . . . all-stock merger today, the combined company becomes Chemtura Corporation . . . ." (Doc. 68-2). Additionally, the EEOC offers a printout of the Great Lakes internet homepage that reads "Great Lakes is now a Chemtura company." (Doc. 68-6). Finally, the EEOC offers a copy of a U.S. Securities and Exchange Commission Form 10-K that contains the following language: "On July 1, 2005, [Crompton Corporation] completed a

merger with Great Lakes Chemcial Corporation . . . the Company changed its name to Chemtura Corporation." (Doc. 68-6).

## STANDARD OF REVIEW

The standard of review for summary judgment is well established under Rule 56(c) of the Federal Rules of Civil Procedure. A summary judgment motion should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct 2505, 91 L.Ed. 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party giving it the benefit of all reasonable factual inferences. *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party meets this burden, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue. *Anderson*, 477 U.S. at 249. To avoid summary judgment the non-movant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit," or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

DISCUSSION

The EEOC must present sufficient evidence that Chemtura was in fact the claimants' employer, as defined by Title VII, to survive summary judgment. *See Brown v. Freds, Inc.,* 494 F.3d 736, 739 (8th Cir. 2007). The Eighth Circuit liberally construes Title VII of the Civil Rights Act of 1964, including the definition of "employer," in order to carry out its purpose to eliminate race discrimination. *Baker v. Stuart Broadcasting, Co.,* 560 F.2d 389, 391 (8th Cir. 1977). Chemtura argues that it is not the proper defendant in this action because it was not the "employer" of the claimants as defined by Title VII, 42 U.S.C. § 2000e(a) and (b). Chemtura asserts that Great Lakes is its wholly owned subsidiary, and that Great Lakes alone was the employer of claimants.

I. Are Chemtura and Great Lakes a "single enterprise?"

The EEOC first asserts that Chemtura and Great Lakes are one employer under the single enterprise analysis. *Scheidecker v. Arvig Enterprises Inc.,* 122 F.Supp.2d 1031, 1037 (D. Minn. 2000).[2] Chemtura met its burden of showing there are no issues of material facts regarding whether Great Lakes is a wholly owned subsidiary of Chemtura with the affidavit of Mr. Steen. The burden then shifted to the EEOC to go beyond the pleadings and come forward with specific facts, "by . . . affidavit," or by "depositions, answers to interrogatories, and admissions on file," showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The EEOC responded only with unauthenticated copies of two Chemtura press releases, a Securities and Exchange Commission 10-K form, and a printout of the Great Lakes internet homepage. The Court finds that the EEOC did not meet its burden. Therefore, there are no issues of material facts regarding whether Great Lakes is a wholly owned subsidiary of Chemtura.

---

[2] In *Scheidecker*, the court applied the single enterprise analysis of *Baker v. Stewart Broadcasting* which consist of the following four factors: 1) interrelation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership or financial control. *Scheidecker*, 122 F.Supp.2d at 1037 (citing *Baker*, 560 F.2d at 392).

Furthermore, the Court finds that the "single enterprise" analysis of *Scheidecker* does not apply here. Instead, the appropriate test for this situation of a parent corporation and its subsidiary is the test announced most recently by the Eighth Circuit in *Brown v. Fred's Inc.*, 494 F.3d 736.

### II. Chemtura's liability as a parent corporation

The EEOC argues, in the alternative, that even if Great Lakes is a wholly owned subsidiary of Chemtura, Chemtura should still be considered claimants' employer under Title VII. In the Eighth Circuit, there is a "strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Brown,* 494 F.3d at 739 (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir. 1993)). A parent company may only be the employer of its subsidiary's employees if: 1) "the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer," *Johnson v. Flowers Industries. Inc.,* 814 F.2d 978, 981 (4th Cir. 1987), or 2) "the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *Id.* (quoting *Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1268 (8th Cir. 1987)). The parent company is the employer only if it "exercises a degree of control that exceeds the control normally exercised by a parent corporation." *Johnson,* 814 F.2d at 981. The EEOC must prove that Chemtura was the claimants' employer as part of its prima facie case. *Brown,* 494 F.3d at 739.

The EEOC contends that Chemtura and Great Lakes fall under the first prong of the *Brown* test because Chemtura so dominates the operations of Great Lakes that the two are one entity and therefore one employer. *Id*. The EEOC offers the following evidence: 1) many of the policy and procedure documents and at least one memo provided to Great Lakes employees have "Chemtura" on them;  2) Terry Steen, the Great Lakes human resource manager reports to a Chemtura employee in Connecticut at Chemtura headquarters; 3) Great Lakes forwarded the EEOC's charges of discrimination in the above style matter to Chemtura headquarters;  4) two Great Lakes employees arrived to their depositions in Chemtura shirts and stated that Great Lakes had provided the shirts as their uniforms; and 5) Chemtura and Great Lakes hold themselves

5

out as one company through the Chemtura and Great Lakes websites.

In *Johnson*, the Fourth Circuit enumerated types of evidence that a court might consider in determining whether a parent corporation so dominates its subsidiary's operations that they should be considered one employer.[3] *Johnson,* 814 F.2d at 981. These include: 1) the commingling of funds and assets; 2) the use of the same work force and business offices for both corporations; 3) the severe undercapitalization of the subsidiary; and 4) the parent corporation failing to observe basic corporate formalities such as keeping separate books and holding separate shareholder meetings. *Id.* In *Johnson*, the court found that because the subsidiary was "responsible for the daily decisions in such vital areas as production, distribution, marketing, and advertising, and the subsidiary had a separate board of directors and corporate officers, kept its own business records, maintained a separate bank account, and filed independent tax returns" the relationship between the parent and subsidiary corporation was normal. 814 F.2d at 981-2. The court went on to explain that the relationship between the parent company and its subsidiary was one of "general oversight, not attention to detail, and . . . characteristic of a parent-subsidiary relationship." *Id.* at 982.

Here, Chemtura asserts through the sworn affidavit of Terry Steen that it was not the claimants' employer. The EEOC has not responded with any evidence of the type enumerated in *Johnson*. However, the *Johnson* court refused to limit itself to a mechanical test for this situation. *Johnson,* 814 F.2d at 981, n. 1. Instead, the court focused on the ultimate inquiry of whether the parent company was dominating its subsidiary in a way that required the parent to be considered the employer of the subsidiary's employees.[4]

---

[3] In *Brown*, the Eighth Circuit relied upon *Johnson v. Flowers* and the Court will do the same here . *See Brown,* 494 F.3d 736 (8th Cir. 2007).

[4] The *Johnson* court made this statement in reference to the four-factor test used by the Eighth Circuit in *Baker v. Stuart Broadcasting, Co.,* 560 F.2d 389 (8th Cir. 1977). In *Baker*, the court considered: 1) the interrelation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership or financial control. *Id* at 392. The *Johnson*

*Id.* The Court will do the same here.

### a. Chemtura policies and procedures documents and holiday memo

First, the Court notes that in *Brown* the Eighth Circuit held that the parent corporation distributing its employee handbook to its subsidiary's employees and the name of the parent corporation on the paycheck of the subsidiary employees was insufficient evidence to show that the parent corporation should be considered the employer of its subsidiary's employees.[5] 494 F.3d at 739-40. The Court finds the *Brown* facts very similar to some of the facts in this case. Here, the EEOC presents evidence of Chemtura policies and procedures and one memo regarding Chemtura holidays issued to Great Lakes employees. The Court finds that policies and procedures and a memo regarding holidays are the type of documents that would be included in an employee handbook. Therefore, in accordance with *Brown,* this is insufficient evidence to show that Chemtura should be considered the claimants' employer.

### b. Great Lakes employees interacting with Chemtura headquarters

The EEOC also argues Chemtura had centralized control over the operations of Great Lakes as evidenced by the fact that Terry Steen reports to a Chemtura employee at Chemtura headquarters and the fact that Great Lakes forwarded the EEOC charges in this matter to Chemtura headquarters. The EEOC contends that centralized control indicates that the parent company and its subsidiary should be considered one employer. *See Scheidecker,* 122 F.Supp.2d 1031; *see also Schubert v. Bethesda Health Group, Inc.,* 319 F.Supp.2d 963 (E.D. Mo. 2004). In both of these cases the courts applied the "single enterprise" or "integrated employer" test by using the same four-factor analysis applied in *Baker*. *Scheidecker,* 122

---

court refused to adopt the *Baker* test because it was too mechanical. In addition, the Eighth Circuit in *Brown* relied on *Johnson* rather than *Baker. See Brown,* 494 F.3d 736. Therefore, the Court will not apply the four-factor *Baker* test here.

[5] The subsidiary company paid its parent company a processing fee to process its payroll. *Brown,* 494 F.3d at 739.

F.Supp.2d at 1082; *Schubert,* 319 F.Supp.2d at 966-7. As stated above, the Eighth Circuit did not apply this test to the parent-subsidiary scenario in *Brown,* and therefore, the Court will not apply it here. 494 F.3d at 739-40. Instead, the Court is bound by *Brown.* Terry Steen, one employee of Great Lakes, reporting to an employee of Chemtura does not evidence that Chemtura was dominating the operations of Great Lakes. *Frank,* 3 F.3d at 1362. Great Lakes forwarding the EEOC charge to Chemtura is also insufficient to show that Chemtura was dominating the operations of Great Lakes. A parent corporation is allowed to have general oversight of its subsidiary without assuming liability for the subsidiary's actions. *Sandoval v. American Building Maintenance Industries, Inc.,* 552 F.Supp.2d 867, 885 (D. Minn. 2008). Informing a parent corporation of a potential lawsuit against its subsidiary does not go beyond general oversight.

### c. Chemtura and Great Lakes websites and Chemtura shirts as uniforms

The EEOC finally argues that Chemtura and Great Lakes hold themselves out to be one company, through the Chemtura and Great Lakes websites and the fact that Great Lakes employees wear work uniforms with "Chemtura" on them.[6] Because of these, the EEOC argues that Chemtura should be considered the claimaints' employer. *Jarred v. Walters Indus. Electronics, Inc.,* 153 F.Supp.2d 1095, 1099 (W.D. Mo. 2001). In *Jarred,* the companies were not a parent company and its subsidiary, and the court applied a "joint employer" analysis using the four-factor test from *Baker. Id.* Again, the Court notes that it is bound by *Brown* and will analyze the facts of this case as such. Whether a parent company and its subsidiary hold themselves out as one corporation is not mentioned as a consideration in either *Brown* or *Johnson*. *See Brown,* 494 F.3d 736; *see also Johnson,* 814 F.2d 978. Instead, as stated above, the ultimate inquiry is whether the parent corporation so dominates the subsidiary's operations that the two should be

---

[6] The Court notes that it can not consider the website printout and information because "to be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e)." *Stuart v. General Motors Corp.,* 217 F.3d 621, 636, n. 20 (8th Cir. 2000).

considered one entity. *Brown*, 494 F.3d at 739. The Court finds that Great Lakes employees wearing Chemtura shirts to their depositions, along with the other evidence considered above, does not show that Chemtura is dominating the operations of Great Lakes.

The Court has considered the evidence offered by the EEOC as a whole[7] and finds that it is insufficient. The Court notes that it did consider that the EEOC did not produce any evidence of the type enumerated in *Johnson*.[8] Therefore, the Court, in considering the evidence in a light most favorable to the EEOC, finds that the evidence presented was insufficient to create an issue of material fact regarding whether Chemtura so dominated the operations of Great Lakes that the two are one entity and thus one employer. Furthermore, the Court finds that Chemtura is not the proper defendant in this matter because the EEOC has not shown that Chemtura was clamaints' employer under Title VII.

## CONCLUSION

For the reasons stated above, the Court finds that Chemtura's Motion for Summary Judgment (Doc. 53) should be and hereby is **GRANTED.** Plaintiff's claims are dismissed **without prejudice**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED,** this 6th day of July, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[7] The Court notes that it only considered the evidence that is allowed on summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

[8] The *Johnson* court considered: 1) the commingling of funds and assets; 2) the use of the same work force and business offices for both corporations; 3) the severe undercapitalization of the subsidiary; and 4) the parent corporation failing to observe basic corporate formalities such as keeping separate books and holding separate shareholder meetings. 814 F.2d at 981.